## Yaden et al. v. Moore et al.

(Decided February 14, 1930.)

FINLEY HAMILTON and GEO. G. BROCK for appellants.

WILLIAM LEWIS & SON for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellants were plaintiffs in the trial court. They are asking here for relief denied them there.

Jarvis Moore and Ollie Moore were married many years ago. But two children were ever born to them. Their eldest child was a daughter named Elizabeth, who died in 1865; their second child was a son, Thomas Walker Moore, who was born on the 18th day of April, 1866. He was never married and resided continuously with his parents all his life.

It appears that Jarvis Moore got into some financial difficulties growing out of the defalcation of a sheriff upon whose bond he was surety; and on the 10th of January, 1904, he executed a deed to his son, Thomas Walker Moore, by which, and for the recited consideration of $10, he conveyed to him his farm consisting of about 300 acres. On the 16th of February, 1905, Thomas Walker Moore died, intestate. On the 14th of September, 1908, his mother, Ollie Moore, died, intestate. About a year thereafter Jarvis Moore married again, and with his second wife, Martha Moore, Jarvis lived until January 1, 1926, when he died, and, it is claimed, he devised all his property to his widow, Martha Moore, but no such will

is in the record. Its absence makes no difference in the result, however, because the question before us is not, What title has Martha Moore? Our question is, Have the plaintiffs any title?

When Ollie Moore died she was survived by no issue, and her father and mother were dead. She had a brother, Nathan Norville, and two sisters, Anne Yaden and Barbara Bentley, living, and another sister, Francis Lynch, had died previous to the death of Ollie Moore, leaving children. Since the death of Ollie, her brother and these two sisters have died, each leaving children, and this suit was begun by Sarah Yaden and the other nephews and nieces of Ollie Moore against Martha Moore and Mat Lewis; the latter having purchased from Jarvis Moore and Martha Moore a part of this land. The theory upon which they bottom this suit is that when Thomas Walker Moore died intestate and without issue, being then 38 years of age, that this land that his father had conveyed him passed, under subsection 2 of section 1393, Ky. Stats., to his father and mother.

They contend that Ollie Moore thus acquired title to one-half of this 300 acres of land; that after the death of Ollie Moore, her husband, Jarvis Moore, held this half of this land by right of curtesy, until his death on January 1, 1926, when, they claim, their cause of action first accrued. They now insist that this one-half of this 300 acres belongs to them as the heirs of Ollie Moore. The trouble with their contention is, that they entirely overlook a change, which was made in the statutes of descent and distribution by an act, entitled "An act to revise the Stats.," which was approved March 24, 1851, and which is chapter 617 of the Acts 1850-51. By section 8 of chapter 25 of that act, page 340 of the Acts of 1850-51, it was provided that:

"When a person dies intestate and without issue, having real estate of inheritance, the gift of either of his parents, such parent, if living, shall inherit the whole of such estate."

This act has never been repealed, and is still in the statutes of this state and is now section 1400 of Ky. Stats.

Under the facts in this case this statute is controlling. Hence, upon the death of Thomas Walker Moore intestate and without issue, this 300 acres of land was inherited from him by his father, Jarvis Moore; hence,

the plaintiffs had no interest in this land whatsoever, and the court correctly dismissed their petition.

The judgment is affirmed.